FLORENCE R. SHEPHERD, PROSECUTOR, v. LOLETA M. BELZ, DEFENDANT.

Argued August 14, 1939—Decided August 21, 1939.

Before Justice Porter, sitting alone pursuant to the statute.

For the prosecutor, *Augustus S. Goetz.*

For the defendant, *George R. Greis.*

The opinion of the court was delivered by

Porter, J. Counsel by stipulation removed to this court for review a judgment of possession entered by a justice of the peace in Cape May County in favor of the prosecutor and against the defendant in a landlord and tenant proceeding there pending.

It seems from the stipulation that the facts are that a lease was entered into between the parties for premises in

Ocean City and that under the terms of the lease there was a default in the payment of rent by the tenant, prosecutor herein, to the landlord, defendant herein. That the dispossess proceedings were instituted by the justice of the peace of Cape May county who, upon hearing the matter, entered judgment for possession in favor of the landlord against the tenant.

The question raised is whether or not the justice of the peace had jurisdiction, it being contended by the prosecutor that he had none and that the provisions of *R. S.* 2:58-17 are controlling. That section reads in part as follows: "tenants may be removed from such premises by any District Court in the county where such premises are situated, or, if such premises do not lie within a county in which there is a District Court, then by any justice of the peace of the county where such premises are situate in the manner hereinafter prescribed in the following cases; provided, that this section shall not be construed so as to give the justices of the peace jurisdiction where district courts are established by law :"

There being a District Court established in the county of Cape May, under the provisions of the statute quoted, jurisdiction is in that court and not in the justices-of-the-peace courts.

It is argued that *R. S.* 2:8-46 to 2:8-53 vest jurisdiction in the justices of the peace which they had prior to the establishment of the District Court in that county. I think there is no merit to that argument because the language of *R. S.* 2:58-17, *supra,* is applicable irrespective of when the District Court was established—either by act of the legislature or by act of the board of freeholders in pursuance of the legislative act—because the question is not when jurisdiction was in the respective courts, but whether it is at this time when the cause of action in the instant case arose. It seems clear that the legislative intendment was that where there is a District Court duly constituted the justices-of-the-peace courts are divested of jurisdiction in cases of this kind. *Taylor* v. *Small Cause Court for Camden County,* 123 *N. J. L.* 40.

Judgment below is therefore reversed.